RECEIVED

FEB 4 - 2010

AT 8:30 3:59 P M
WILLIAM T. WALSH, CLERK

Carter, Van Rensselaer
  And Caldwell
P.O. Box 5185
Clinton, New Jersey 08809
908-730-7900
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA E. MEDINA, Individually, <br> MARIA E. MEDINA, Administrator <br> Of the Estate of Edvin Medina, <br> Deceased, MARIA E. MEDINA, <br> Guardian Ad Litem for G.M., <br> E.P. and T.L., Minors, <br><br> Plaintiff, <br><br> vs. <br><br> DAIMLER TRUCKS, NORTH AMERICA <br> L.L.C., A Daimler Company, <br> THOMAS J. O'NEIL, Individually, <br> And T.P. SAMSON COMPANY, INC. <br><br> Defendants. | Case No. 10-623 (JLL) <br><br> CIVIL ACTION <br><br> COMPLAINT AND <br> JURY DEMAND |

Maria E. Medina, residing at 316 Van Fleet Avenue, in the Township of South Plainfield, County of Middlesex, State of New Jersey, by way of complaint says:

FIRST COUNT

1. Maria E. Medina, individually, is the surviving spouse of Edvin Medina, deceased February 5, 2008.

1

2. Maria E. Medina, Administrator of the Estate of Edvin Medina, was issued Letters of Administration on February 28, 2008 by the Surrogate of the County of Middlesex, State of New Jersey.

3. Maria E. Medina, as Guardian Ad Litem, is the surviving parent and custodian of G.M., E.P. and T.L., minors, who reside at 316 Van Fleet Street, South Plainfield, New Jersey.

4. Daimler Trucks North America, L.L.C. with headquarters in Portland, Oregon, has approximately seven authorized dealerships located in the State of New Jersey through which its conducts its business.

5. Thomas J. O'Neil is an individual residing at 369 Main Street, in the Town of Wilbraham, County of Hampden State of Massachusetts.

6. T.P. Samson Company, Inc. is an entity with a business address of 21 Tinkham Road in the City of Springfield, County of Hampden, State of Massachusetts.

7. Jurisdiction of this Court is founded on 28 U.S.C. 1332 in that there is diversity of jurisdiction between the parties and the amount in controversy exceeds the required threshold due to the pain and suffering incurred by Edvin Medina in his lifetime, the wrongful death of Edvin Medina and the rights of is surviving spouse and dependants.

8. On February 5, 2008, Medina was driving a 2003 Freightliner Model C21 designed and manufactured by defendant Daimler's predecessors in interest.

9. On the same date defendant O'Neil was driving a vehicle owned by T.P. Samson Company, Inc.

10. O'Neil operated the Samson vehicle in a negligent and careless manner without due consideration for the attendant road conditions resulting in O'Neil losing control of the Samson vehicle causing it to strike one or more objects along the Interstate, then coming to rest in the traveled portion of the Interstate.

11. O'Neil knew or should have known that the disabled Samson vehicle constituted a foreseeable hazard to other motorist traveling on the Interstate.

12. Despite this knowledge, O'Neil took no action to alter or warn other motorists.

13. Medina, who was traveling further behind the Samson vehicle being driven by O'Neil, was suddenly and unexpectedly confronted with the Sampson vehicle on the traveled portion of the Interstate.

14. Medina sought to avoid collision with the Samson vehicle by taking evasive action to avoid collision which resulted in the Medina vehicle striking one or more objects along the side of the Interstate.

3

15. The vehicle of the defendant Daimler Trucks was improperly designed or constructed such that the fuel tanks were ruptured allowing diesel fuel to attain a state sufficient for combustion to occur.

16. Furthermore, the vehicle of defendant, Daimler Trucks was equipped with batteries that broke loose from the vehicle resulting in it becoming a source of ignition for the fuel.

17. Medina survived the initial accident but the tractor portion of the defendant Daimler Trucks' vehicle was engulfed in flames.

18. Medina could be heard screaming before he died.

19. As a direct and proximate result of the negligence of one or more of the defendants, jointly and severally, Medina suffered bodily injury, pain and suffering.

20. Medina has been damaged as a result thereof.

WHEREFORE, Plaintiff demands judgment for:

a. Damages

b. Attorney's fees and cost of suit

c. Such other relief as the Court deems just and equitable.

## SECOND COUNT

21. Plaintiff repeats the allegations of the First Count as if fully set forth herein.

22. As a direct and proximate result of the negligence of one or more of the defendants, Medina wrongfully died.

23. Medina is survived by his spouse and minor children who relied upon him for support.

24. Plaintiff has been damaged as a direct and proximate result thereof.

WHEREFORE, Plaintiff demands judgment for:

a. Damages

b. Attorney's fees and costs of suit,

c. Such other relief as the Court deems just and equitable.

### THIRD COUNT

25. Plaintiff repeats the allegations of the First and Second Counts as if fully set forth herein.

26. Maria E. Medina, as a direct and proximate result of the negligence of the defendants, has lost the services of her beloved husband, his companionship, advice, comfort and support.

WHEREFORE, Plaintiff, Maria E. Medina, demands judgment for:

a. Damages,

b. Attorney's fees and costs of suit,

c. Such other relief as the Court deems just and equitable.

## FOURTH COUNT

27. The surviving children of Medina, G.M., E.P. and T.L. have lost the benefit of the support, comfort and advice of their father.

WHEREFORE, Plaintiff on behalf of the surviving children demands judgment for:

a. Damages,

b. Attorney's fees and costs of suit

c. Such other relief as the Court deems just and equitable.

## CERTIFICATION

It is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the within action.

## DESIGNATION OF TRIAL ATTORNEY

William J. Caldwell is designated as trial attorney.

DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all counts of the Complaint.

Carter, Van Rensselaer and Caldwell

By _____
William J. Caldwell