**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA E. MEDINA, Individually, MARIA E. MEDINA, Administrator of the Estate of Edvin Medina, Deceased, MARIA E. MEDINA, Guardian Ad Litem for G.M., E.P., and T.L., Minors,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER TRUCKS NORTH AMERICA, LLC, A Daimler Company, THOMAS J. O'NEIL, Individually, and T.P. SAMPSON COMPANY, INC.<br><br>Defendants. | Civil Action No. 10–623 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

**THIS MATTER** comes before the Court by way of Defendant Daimler Trucks North America, LLC ("Defendant")'s motion for reconsideration [CM/ECF No. 80] of this Court's December 30, 2014 Opinion and Order denying Defendant's motion for summary judgment. The Court has considered the submissions made in support of and in opposition to the instant motion, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion is denied.

### I. BACKGROUND

The relevant facts of this case are fully detailed in this Court's December 30, 2014 Opinion ("Opinion"), and are repeated here only to the extent they are pertinent to the instant motion for reconsideration.

This case concerns a fatal car accident that occurred on an overpass on Interstate 91 in Brattleboro, Vermont in February 2008. (Docket #58-4:1; Exhibit A.) Plaintiff Maria E. Medina ("Plaintiff")'s husband, Edvin Medina ("Medina"), approached the overpass driving a tractor-trailer when a car ahead of him lost control, struck the side guardrails, and came to a halt on the overpass. (*Id.* at 1, 5-7, 14.) Medina took evasive action in order to avoid crashing into the car. (*Id.* at 5.) Consequently, the tractor-trailer crashed into the guardrails, caught on fire, and plummeted off the overpass. (*Id.* at 11-12.) Though unseen, Medina was heard screaming from the burning tractor. (Docket #58-5: 33; Exhibit F at 95:5-7.) The medical examiner, Dr. Bundock, concluded that Medina died of blunt force trauma and thermal injuries. (Docket #58-4: 24; Exhibit C at 1.)

In her Complaint, Plaintiff alleges that a design defect in the truck that Medina was driving caused her late-husband's death. She contends, relying on George H. Meinschein ("Meinschein")'s expert report, that the placement of the truck's batteries in close proximity to the fuel tank "presented a contributory cause in the instant . . . fire[.]" (Docket #58-5: 44; Exhibit G at 4.)

Plaintiff's Complaint asserts three separate causes of action against Defendant: (1) design defect; (2) wrongful death; and, (3) claims of survivorship on behalf of Plaintiff and Medina's surviving children. (*See* Docket #1.) On August 15, 2014, Defendant filed a motion for summary judgment and a motion to exclude Plaintiff's experts. (Docket #58.) This Court issued an Opinion and Order on December 30, 2014 denying both motions. (Dockets #77, 78.) On January 13, 2015, Defendants filed a motion for reconsideration as to the denial of its motion for summary judgment. (Docket #80.)

This Court has jurisdiction over this matter pursuant to 28 U.S.C §1332, as there is diversity between the parties and the amount in controversy exceeds the $75,000 minimum.

**II.    LEGAL STANDARD**

"Reconsideration is an extraordinary remedy" and should be granted "very sparingly." *See* L. Civ. R. 7.1(i) cmt. 6(d); *see also Fellenz v. Lombard Investment Corp.*, 400 F.Supp.2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to re-litigate old matters" or argue new matters that could have been raised before the original decision was reached. *See, e.g., P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 352 (D.N.J.2001). To prevail on a motion for reconsideration, the moving party must "set [ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1.

The Court will reconsider a prior order only where a different outcome is justified by: (1) an intervening change in law; (2) the availability of new evidence not previously available; or (3) a need to correct a clear error of law or manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape,* 549 F.3d 591, 603–04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which its bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 353 (D.N.J. 2001)). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City*, No. 98–5186, 2008 WL 58820, at *2 (D.N.J. Jan.2, 2008).

**III. DISCUSSION**

Defendant argues that this Court should reconsider its December 2014 Opinion and Order dismissing Defendant's motion for summary judgment in order to "correct a clear error of law or prevent manifest injustice." (Def. Br. 3) (quoting *Carmichael v. Everson*, No. 03–4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). It contends that this Court "committed a clear error of law and fact when it overlooked that Plaintiff has no evidence to establish that Mr. Medina suffered any enhanced injuries due to the alleged defect." (*Id.* at 4.) This argument fails, however, because this Court in fact considered said issue and considered the evidence of record as to whether a reasonable factfinder could find that Medina suffered enhanced injuries due to the alleged defect. This Court's December 2014 holding is therefore supported by the record. Consequently, Defendant's motion for reconsideration is denied.

In crashworthiness cases, pursuant to New Jersey law, "[s]trict liability is imposed on a manufacturer for injuries sustained in an accident involving a design or manufacturing defect that enhanced the injuries, but did not cause the accident." *Poliseno v. Gen. Motors Corp.*, 328 N.J. Super. 41, 52 (App. Div. 2000) (citing *Seese v. Volkswagenwerk, A.G.*, 648 F.2d 833, 839 (3d Cir.), *cert. denied*, 454 U.S. 867 (1981)). The Superior Court of New Jersey, Appellate Division, in *Poliseno, supra,* stated that "[e]nhanced injury refers to the degree by which a defect aggravates collision injuries beyond those which would have been sustained as a result of the impact or collision absent the defect." *Id.* (citing *Barns v. Bob's Drag Chutes & Safety Equip., Inc.*, 685 F.2d 94, 100 (3d Cir. 1982)). Thus, the plaintiff's burden in a crashworthiness case is to show that the alleged design defect "was a substantial factor in producing an injury that would not have occurred, or would have been substantially diminished, in the absence of the defect." *Id.* at 55.

Defendant's argument for reconsideration is premised on the fact that one of Plaintiff's experts, Meinschein, did not literally state that "moving the batteries would have prevented the

fire." (Def. Br. 4.) Defendant points out that Meinschein only opined that moving the batteries would have "delayed or prevented" the fire. It contends that, because of this ambivalence, Plaintiff fails to meet her burden of proof as to causation. This argument fails for two reasons.

First, Defendant presented this exact argument in its motion for summary judgment. In its brief in support of that motion, Defendant argued that it was entitled to summary dismissal because Meinschein's testimony was insufficient to establish causation. In support, Defendant pointed to the "delayed or prevented" language that the expert used. This Court considered both the language and the substance of the expert's testimony and held that it created a sufficient issue of fact as to causation. Though Meinschein stated that the alternative design would have "delayed or prevented" the fire rather than outright prevented it, this Court held that the content of his testimony shows that had the proposed alternative design actually been used, a reasonable jury could find that the electric arcing that caused Medina's truck to catch on fire would not have occurred. This Court also explained that Meinschein sufficiently ruled out for a finder of fact alternative sources of ignition in order to show that the electric arcing was the likely cause of the fire. Because the Court considered this argument at the time it issued its Opinion, and disagreed with it after considering the record, Defendant's motion for reconsideration must be denied.

Second, Defendant's reasoning appears to confuse Plaintiff's burden at the summary judgment stage with Plaintiff's ultimate burden at trial. At the summary judgment stage, Plaintiff only has to show that a material question of fact exists as to whether Mr. Medina would have suffered the same (or any) burn injuries had the battery been located under the rails of the truck, as suggested by Plaintiff's expert. Here, the medical examiner that conducted the autopsy of Medina's body testified that the cause of Medina's death was blunt force and thermal injuries. (Docket #58-4: 24; Exhibit C at 1.) Additionally, Meinschein testified that when the truck crashed

against the guardrails, the batteries were ripped off, which caused the electric arcing that, in his opinion, ignited the fire. (Docket #58-5: 44; Exhibit G at 4.) The Court considered this testimony, the parties' arguments, and the record as a whole, and concluded that a question of fact exists for a reasonable jury to consider as to whether the proposed alternative design would have lessened or eliminated some of Medina's injuries resulting from the crash and ensuing fire. Though Defendant's arguments regarding Meinschein's testimony are an attack on the credibility and weight of Plaintiff's expert's testimony, they are best reserved for cross-examination or arguments at trial, and are not a basis for the granting of summary judgment. Defendant's motion for reconsideration is denied.

### IV. CONCLUSION

Based on the reasons set forth above, Defendant's motion for reconsideration [CM/ECF No. 80] is **denied.**

An appropriate Order accompanies this Opinion.

Jose L. Linares
United States District Judge

Dated: February 17, 2015