# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA E. MEDINA, Individually, <br> MARIA E. MEDINA, Administrator of <br> the Estate of Edvin Medina, Deceased, <br> MARIA E. MEDINA, Guardian Ad <br> Litem for G.M., E.P., and T.L., Minors <br><br> Plaintiffs, <br><br> vs. <br><br> DAIMLER TRUCKS NORTH <br> AMERICA LLC, A Daimler Company, <br> THOMAS J. O'NEIL, Individually, and <br> T.P. SAMSON COMPANY, INC. <br><br> Defendants. | Civil Action No.: 10-623(JLL)(JAD) |

## Memorandum of Law In Opposition to Plaintiff's Motion to Preclude Defendant's Experts

**GOLDBERG SEGALLA LLP**
902 Carnegie Center, Suite 100
Princeton, New Jersey 08540-6530
(609) 986-1300
(609) 986-1301 (fax)
Attorneys for Defendant
Daimler Trucks North America LLC

On the Brief:
    Robert M. Hanlon, Jr.
    Robert M. Cook
    H. Lockwood Miller, III

# Table of Contents

Preliminary Statement ................................................................................................ 1

Statement of Facts ..................................................................................................... 2

Legal Argument ......................................................................................................... 3

1. The opinions of DTNA's accident reconstruction expert Kevan Granat are admissible and should not be precluded. ................................................................ 4

2. The opinions of DTNA's fire cause-and-origin expert Jon Olson are admissible and should not be precluded. ................................................................................. 8

3. The opinions of DTNA's biomechanical expert Jacob Fisher are admissible and should not be precluded. .........................................................................................10

Conclusion ............................................................................................................... 12

## Table of Authorities

*Daubert v. Merrel Dow Pharm., Inc.*,
    509 U.S. 579 (1993) .................................................................................. passim

## Preliminary Statement

Defendant Daimler Trucks North America LLC ("DTNA") submits this brief in opposition to Plaintiff's motion to preclude DTNA's experts at trial. The vast majority of Plaintiff's assertions – factual and legal – are without citation to the record, the reports and opinions of DTNA's experts, or relevant caselaw. Nor does Plaintiff identify which specific opinions held by DTNA's experts she hopes to exclude. Rather, Plaintiff cherry-picks individual facts as to which she apparently disagrees with DTNA and its experts and, based on those factual disagreements, seeks the wholesale exclusion of all of DTNA's experts.

As demonstrated herein, DTNA's experts' well-founded opinions fully pass muster under a *Daubert* analysis and should not be excluded. Even if plaintiff's criticisms of DTNA's experts had any merit – and they do not – Plaintiff's criticisms all go to the weight, and not the admissibility, of DTNA's experts' opinions. Indeed, DTNA's experts' opinions are at least as well-founded as the opinions of Plaintiffs' experts, whom this Court recently ruled were sufficient to withstand DTNA's admissibility challenges. If Plaintiff's experts' opinions are admissible – as this Court has ruled – then DTNA's experts' opinions must likewise be admissible. Plaintiff's motion to preclude DTNA's experts should therefore be denied in its entirety.

1

## Statement of Facts

As this Court is well aware, this case arises out of a tractor-trailer crash that occurred on an icy roadway in Vermont on February 5, 2008. As a result of the crash, Plaintiff's late husband, Edvin Medina, perished. Plaintiff has asserted a design defect crashworthiness claim against DTNA, for which she must prove that the alleged design defect in the tractor was a proximate cause of enhanced injuries to her late husband. The opinions of DTNA's experts, in the fields of biomechanics, fire cause-and-origin, and accident reconstruction, will assist the jury in understanding how the accident occurred, what injuries were caused by the crash itself, and why Plaintiff's alleged design defect played no role in Mr. Medina's death.[1]

---

[1] In support of her motion, Plaintiff claims to rely, in part, on a separately filed Statement of Undisputed Facts previously submitted to this Court and provided to DTNA. DTNA has searched the Docket, and it appears that no such document has properly been filed. DTNA further believes that, under Local Rule 56.1, such a submission is not applicable to Plaintiff's motion because this is not a motion for summary judgment. Nevertheless, in the event this Court should consider Plaintiff's Statement of Undisputed Facts, DTNA submits herewith its response pursuant to Local Rule 56.1. As noted in DTNA's response, not only are many of Plaintiff's proffered "facts" not relevant or applicable to the issues raised in Plaintiff's motion to preclude DTNA's experts, but many of Plaintiff's "facts" are, in fact, interpretations and opinions of Plaintiff's counsel. In the interest of brevity, DTNA will not burden this Court with a lengthy recitation of why it may disagree with Plaintiff's counsel's opinions and interpretations, but will be happy to provide a further and more detailed response should this Court so desire.

## Legal Argument

This Court, in its December 30, 2014 Opinion denying DTNA's motion to preclude certain of Plaintiff's experts, set forth the legal standard for admissibility of expert testimony under Federal Rule of Evidence 702. DTNA will not repeat at length the discussion previously set forth by this Court, which DTNA considers to be the law of the case. However, DTNA notes the following two sentences from this Court's Opinion, which bear particular relevance to this motion:

> A court's rejection of expert testimony should be the exception rather than the rule. Fed. R. Evid. 702 Advisory Committee Note. As the Supreme Court noted in *Daubert*, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." 509 U.S. at 595.

Opinion at p. 5.

Here, Plaintiff offers no objections to the qualifications of any of DTNA's experts, nor does Plaintiff mount any coherent challenge to any of DTNA's experts' methodologies beyond some general, unsupported assertions that DTNA's experts "rely on speculation or inconsequential facts" and "failed to demonstrate sufficient 'deductive reasoning.'" Rather, Plaintiff merely quibbles with DTNA's experts about the importance – or weight – to be afforded certain information and then engages in her own unfounded speculation about the kinematics of the crash and "the laws of gravity, velocity and physics."

3

Under this Court's previously articulated analysis, all of Plaintiff's criticisms of DTNA's experts go to the weight to be afforded to their opinions, not to their admissibility. The opinions of DTNA's experts thus should ***not*** be precluded, and Plaintiff's motion should instead be denied in its entirety.

### 1. The opinions of DTNA's accident reconstruction expert Kevan Granat are admissible and should not be precluded.

DTNA's proffered expert with regard to accident reconstruction is Kevan J. Granat.[2] Mr. Granat holds a masters degree in mechanical engineering from Purdue University and has more than 20 years of experience as an automotive engineer. While Plaintiff argues that Mr. Granat is not a "certified accident reconstructionist" with "no experience in battery or fuel tank components" and no "specific training in commercial motor vehicle accident reconstruction," Plaintiff neither argues – nor cites to any supportive caselaw that demonstrates – that any of these factors renders Mr. Granat unqualified. To the contrary, Mr. Granat's masters-level education in mechanical engineering, coupled with his 20+ years of

---

[2] A copy of Mr. Granat's report was previously submitted to this Court as Exhibit S to Plaintiff's counsel's certification, and a copy of Mr. Granat's deposition testimony was likewise attached as Exhibit T to Plaintiff's counsel's certification. For the convenience of the Court, another copy of Mr. Granat's report, along with a copy of Mr. Granat's CV, is attached to the accompanying Certification of Robert M. Cook as Exhibit A, and another copy of Mr. Granat's deposition testimony is attached to Mr. Cook's certification as Exhibit B.

4

experience in automotive engineering more than qualifies him to render his opinions in this case.

With respect to the substance of Mr. Granat's opinions, his December 20, 2013 written report explains in detail the documents and information he reviewed, including the police and fire department reports, multiple accident scene photographs, and a police video taken at the scene. (DTNA notes that this is the same information reviewed and relied on by Plaintiff's accident reconstruction expert –Terrance Martin – whom this Court recently ruled may offer his opinions regarding the accident on that basis.) Using that information, and employing accepted accident reconstruction techniques, Mr. Granat "created a scaled diagram of the crash scene and the physical evidence, as well as scaled representations of the crash vehicle and its motion through the crash sequence." His report includes his two-page description of his opinions as to the accident sequence, which are based on his analysis of the physical evidence and documentation.

When deposed by Plaintiffs' counsel on February 11, 2014, Mr. Granat provided further information regarding the nature and extent of his education, training, and experience in automotive engineering design and testing and accident reconstruction. He also provided further information regarding the various documents, materials, and information that he reviewed in forming his opinions in

5

this case, as well as the methods and procedures he followed in reaching those opinions.

Plaintiff's challenge to Mr. Granat's opinions is not based on any alleged methodological shortcoming, but rather on a difference of opinion: Plaintiff contends that Mr. Medina's truck jack-knifed right, contrary to Mr. Granat's opinion that the truck jack-knifed left.[3] But this disagreement over how to interpret the physical evidence at the crash scene – the tire marks, the damage to the bridge-rails, the debris field on the bridge deck, the damage to the truck itself, etc. – does not render Mr. Granat's opinions inadmissible. Rather, these are points that Plaintiff can explore with Mr. Granat on cross examination, and it will be up to a jury to determine if Mr. Granat's opinions as to how the crash sequence occurred are correct.

Likewise, to the extent that Plaintiff contends that Mr. Granat did not afford sufficient weight to the various statements by witnesses whom Plaintiff cites to support her assertion that the truck caught fire before striking the power lines

---

[3] While Plaintiff criticizes Mr. Granat for not calculating changes in velocity or a coefficient of friction, Plaintiff fails to cite any caselaw for the proposition that such calculations are required for Mr. Granat's testimony to be admissible. Indeed, as this Court has already ruled, they are not – as this Court has determined that Plaintiff's accident reconstruction expert Mr. Martin may testify even though Mr. Martin did not make any such calculations. Again, if Mr. Martin's opinions are admissible – and this Court has ruled that they are – based on his review and analysis of the physical evidence, then Mr. Granat's opinions based on his review and analysis of the same physical evidence must also be admissible.

6

below the bridge, this again is a critique that goes to the weight, not the admissibility, of Mr. Granat's opinions. Plaintiff cites no caselaw for her implication that an expert who does not share her view as to the relevant weight to be afforded to some evidence over other evidence should be precluded; indeed, DTNA is aware of no such caselaw standing for such a remarkable proposition. Rather, when experts disagree as to the weight to be afforded to some evidence (e.g., eyewitness accounts) as compared to some other evidence (e.g., physical evidence, photographs, etc.), this is a disagreement to be resolved by the jury at trial, not by this Court on an ill-advised motion to preclude experts.[4]

In the end, although Plaintiff spends multiple pages of her brief attacking Mr. Granat's opinions, Plaintiff's critiques are nothing more than her own counsel's opinions. But again, Plaintiff's – or her counsel's – disagreement with Mr. Granat's opinions does not render those opinions inadmissible.

---

[4] As this Court is well aware, there is a significant dispute between Plaintiff and DTNA not only as to when and where the fire started, but also which of the multiple identified potential ignition sources was actually responsible for causing the fire. For this reason, DTNA is puzzled by Plaintiff's throwaway argument that Mr. Granat's opinion is irrelevant because he does not speak to the cause of Mr. Medina's death in the crash. Without doubt, Mr. Granat's opinions will assist the jury in understanding the nature and mechanics of the crash sequence, which in turn will assist the jury in understanding what happened to Mr. Medina and why.

## 2. The opinions of DTNA's fire cause-and-origin expert Jon Olson are admissible and should not be precluded.

DTNA's proffered expert with regard to fire cause-and-origin is Jon Olson, PE, CFEI, CVFI.[5] As set forth in his December 23, 2013, written report, Mr. Olson is a professional engineer, a certified fire & explosion investigator, and a certified vehicle fire investigator. He has been an automotive engineer for more than 20 years and has participated in hundreds of hours of post-graduate training in automotive engineering, accident investigation, and fire investigation. Plaintiff raises no challenge to Mr. Olson's qualifications.

Mr. Olson's written report sets forth in detail the documentary evidence he reviewed and considered in reaching his opinions. Generally speaking, he reviewed the police and fire department reports, accident scene photographs and videos, multiple fact witness depositions, various expert reports, and documents pertaining to the truck operated by Mr. Medina. Applying accepted engineering principles, the scientific method, and the provisions of NFPA 921 (which this Court has already recognized as an appropriate and authoritative methodology),

---

[5] A copy of Mr. Olson's report was previously submitted as Exhibit P to Plaintiff's counsel's certification, and a copy of Mr. Olson's deposition testimony was likewise attached as Exhibit O to Plaintiff's counsel's certification. For the convenience of the Court, another copy of Mr. Olson's report, along with a copy of Mr. Olson's CV, is attached to the accompanying Cook Certification as Exhibit C, and another copy of Mr. Olson's deposition testimony is attached to Mr. Cook's certification as Exhibit D.

Mr. Olson reached eight numbered opinions, set forth in more detail in his report, regarding the cause and origin of the fire the occurred during the crash sequence.

At his February 25, 2014, deposition, Mr. Olson testified at length regarding his background, his review and assessment of the documents and information in this case, and his analysis of the potential causes of the fire.

Plaintiff's sole critique of Mr. Olson's opinions is that Mr. Olson believes that contact between the truck and the electrical wires caused the fire, a proposition with which Plaintiff and her experts disagree. But just because Plaintiff and her experts disagree with Mr. Olson's opinion as to the cause of the fire does not render Mr. Olson's expert opinions inadmissible. Plaintiff makes no attempt to demonstrate that Mr. Olson did not follow appropriate engineering principles, nor does Plaintiff provide any basis on which this Court could conclude that Mr. Olson did not follow NFPA 921. Rather, Plaintiff argues that Mr. Olson improperly relied on the opinions from DTNA's accident reconstruction expert, Mr. Granat, and that Mr. Olson incorrectly rejected the reports of certain witnesses who purportedly reported that the fire started on the bridge. While these criticisms of Mr. Olson's opinions are fodder for cross-examination, they do not and cannot rise to the level of rendering Mr. Olson's testimony inadmissible. Indeed, as this Court has already recognized in its December 30, 2014, Opinion, it is entirely proper for an expert to rely on the work of other experts.

### 3. The opinions of DTNA's biomechanical expert Jacob Fisher are admissible and should not be precluded.

DTNA's biomechanical expert is Jacob L. Fisher, Ph.D., P.E.[6] Dr. Fisher is a professional engineer and holds a Ph.D. in bioengineering from the University of Pennsylvania. Plaintiff raises no challenge to Dr. Fisher's qualifications.

Dr. Fisher's written report, dated December 23, 2013, sets forth in detail the documents and information that Dr. Fisher reviewed and analyzed in reaching his opinions, including the police and fire reports, information regarding the truck being operated by Mr. Medina, multiple photographs of the accident scene, an accident scene video, deposition transcripts from multiple fact and expert witnesses, the autopsy records, and Plaintiff's expert reports. Dr. Fisher's report further sets forth a brief summary of the accident, brief summaries of key information drawn from various witnesses' depositions, and relevant information drawn from the autopsy findings.

Dr. Fisher's report next sets forth his detailed biomechanical analysis of the crash, including an assessment of Mr. Medina's occupant kinematics, a

---

[6] A copy of Dr. Fisher's report was previously attached to Plaintiff's counsel's certification as Exhibit Q, and a copy of Dr. Fisher's deposition testimony was likewise attached to Plaintiff's counsel's certification as Exhibit R. For the convenience of the Court, another copy of Dr. Fisher's report, along with a copy of Dr. Fisher's CV, is attached to the accompanying Certification of Robert M. Cook as Exhibit E, and another copy of Dr. Fisher's deposition transcript is attached to Mr. Cook's certification as Exhibit F.

10

determination of the mechanisms of his injuries, and an evaluation of the biomechanical issues raised by Plaintiff's experts' opinions. Finally, based on the analysis described in the report, Dr. Fisher offers his conclusions with respect to the nature and mechanisms of the injuries experienced by Mr. Medina during the crash.

When deposed on February 18, 2014, Dr. Fisher provided further detail regarding the documents and information he reviewed and analyzed in reaching his opinions, including the relative importance of various pieces of information and how each impacted his analysis. Among the subjects as to which Dr. Fisher was questioned at length by Plaintiff's counsel were Dr. Fisher's opinions as to how Mr. Medina's body moved within the tractor cab during the crash and that blood and apparent body matter observed on a fence is evidence that Mr. Medina suffered evisceration injuries to his bowel during the crash sequence.

Plaintiff offers no criticisms of Dr. Fisher's methodology, but instead argues with Dr. Fisher's assessment of Mr. Medina's blunt-force trauma injuries and apparent bowel evisceration. While Plaintiff is, of course, free to present her alternative interpretation of the scene photographs and video, as well as the autopsy findings, her mere disagreement with Dr. Fisher's conclusions does not and cannot render Dr. Fisher's opinions inadmissible. Similarly, to the extent that Plaintiff's challenge to Dr. Fisher is based on what Plaintiff thinks "probably"

11

happened during the crash sequence, or what Plaintiff terms a "debatable" statement by the medical examiner Dr. Bundock, this is for the jury to consider. In other words, all of Plaintiff's criticisms of Dr. Fisher go to the weight to be afforded to his opinions, not their admissibility.

## Conclusion

At the end of the day, all of Plaintiff's criticisms of DTNA's experts – Mr. Granat, Mr. Olson, and Dr. Fisher – are merely challenges to the weight to be afforded to DTNA's experts' opinions, not whether the experts' opinions are admissible. As explained in their respective expert reports, and as further explained in their respective depositions, the review and analysis undertaken by each of DTNA's experts fully supports the admissibility of DTNA's experts' opinions. While Plaintiff is free to cross examine DTNA's experts at trial, and to seek to convince the jury that one or more of DTNA's experts' failure to give more weight to this or that particular fact renders that expert's opinions less credible, none of Plaintiffs' criticisms requires the preclusion of any of DTNA's experts. Indeed, this Court recently considered DTNA's own motion to preclude certain of Plaintiffs' experts and opinions, finding that the opinions of Plaintiffs' experts Mr. Martin and Mr. Meinschein were "sufficiently reliable to survive a *Daubert* challenge at this stage of the litigation." (Opinion at 8.) Because DTNA's experts' opinions are at least as well-founded as those of Mr. Martin and Mr. Meinschein –

12

indeed, DTNA believes that its experts' reports and deposition testimony demonstrate that they are *significantly more* well-founded than Plaintiffs' experts' opinions – this Court should deny Plaintiff's motion to preclude DTNA's experts in its entirety.

Respectfully submitted,

Dated: February 17, 2015

/s/ Robert M. Hanlon, Jr.
ROBERT M. HANLON, JR.
rhanlonjr@goldbergsegalla.com
**Goldberg Segalla LLP**
Attorneys for Daimler Trucks North America LLC